**Rosalio Pelayo COBOS; Erika Pelayo, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73419.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 25, 2007.

Susan E. Hill, Esq., Hill & Piibe, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, S. Nicole Nardone, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

### MEMORANDUM **

Rosalio Pelayo Cobos and Erika Pelayo, married natives and citizens of Mexico, seek review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reopen removal proceedings. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part, deny in part, and grant in part the petition for review, and remand for further proceedings as to voluntary departure.

The evidence petitioners presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits).

Petitioners' contention that the BIA violated their due process rights by disregarding their evidence of hardship is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute

** This disposition is not appropriate for publication and is not precedent except as provid-

colorable constitutional claims that would invoke our jurisdiction"). Contrary to the petitioners' contention, the agency's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004–06 (9th Cir.2003).

Lastly, the immigration judge ("IJ") granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." As in *Padilla–Padilla*, we are not sure if petitioner can still have the benefit of the voluntary departure order. *See id.* at 982. We therefore remand to allow the BIA to determine that question.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part, and GRANTED in part; REMANDED.**